UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GERALD STABILE**<br><br>**Plaintiff,**<br><br>v.<br><br>**SGT. EDWARD CONKLIN, OFFICER SCOTT BAKER, OFFICER GUY BOCCARDI, OFFICER FERNANDEZ, JOHN DOES 1-30 (FICTITIOUS INDIVIDUALS), ABC CORPS 1-30 (FICTITIOUS CORPS), JOINTLY AND SEVERALLY OFFICAL AND INDIVIDUAL CAPACITIES**<br><br>**Defendant.** | Docket No.: 20-cv-02205<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This is an excessive use of force case. Plaintiff Gerald Stabile ("Stabile") filed this civil action against Sgt. Edward Conklin, Officer Scott Baker, Officer Guy Boccardi, Officer Fernandez, John Does 1-30 (Fictitious Individuals), and ABC Corps 1-30 (Fictitious Corps), ("Defendants") in violation of 42 U.S.C. § 1983, as well as negligence, civil conspiracy, excessive force, failure to intervene, supervisory liability in violation of the New Jersey Civil Rights Act and the New Jersey Tort Claims Act. The matter comes before the Court on Defendants motion to dismiss. ECF No. 2. For the reasons stated below, the motion is **DENIED.**

I.   BACKGROUND

On January 19, 2018, Defendants responded to a 9-1-1 call at Sonesta Suites Hotel in Parsippany, New Jersey. ECF No. 2-1, Ex. C. In responding, Defendants placed Plaintiff Gerald Stabile under arrest. *Id*. While Stabile was being arrested, he testified that he "applied force against [an officer's] leg." *Id*. Defendants responded to this action by "slamming" Stabile's into the ground and handcuffing him. On November 29, 2018, Stabile pled guilty to resisting arrest in the third degree. Stabile contends that Defendants utilized excessive force in arresting him, resulting in multiple comminuted nasal fractures, nasal bones being deviated to the left, and other acute displaced fractures of his nasal bones. ECF No. 8. Consequently, Plaintiff alleges that Defendants Conklin, Baker, and Fernandez used excessive use of force while effectuating his arrest in violation of his civil

rights. ECF No. 8.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Although a complaint need not contain detailed factual allegations, "a plaintiffs obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id*. at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III. DISCUSSION

Defendants move to dismiss Stabile's Complaint in its entirety for failure to state a claim and argues that: (1) Plaintiff's claims against Defendants are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) if they are not barred under *Heck*, Defendants are immune from suit under the doctrine of qualified immunity. The Court addresses Defendants' arguments.

### A. *Heck v. Humphrey* Does Not Bar this Claim of Excessive Force as a Matter of Law under Third Circuit Precedent

Defendants argue that Stabile's claims are precluded under, *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 2-2. Under *Heck*, the Supreme Court held that a plaintiff bringing a § 1983 claim for unconstitutional conviction or imprisonment must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. If the district court establishes that the plaintiff's § 1983 action will not invalidate an outstanding criminal judgment against the plaintiff, the specific action may proceed. *See id.*

The Third Circuit has held that *Heck* does not preclude excessive use of force claims under § 1983 claims. *Garrison v. Porch*, 376 F. App'x 274, 277 (3d. Cir. 2010); *Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 (3d. Cir. 2008); *Nelson v. Jashurek*, 109 F.3d 142, 145-46 (3d. Cir. 1997). Particularly, a claim that an officer effectuated a lawful arrest in an

unlawful manner, does not invalidate a conviction for resisting arrest arising out of the same incident. *See Nelson*, 109 F.3d at 146. Here, Stabile asserts that Defendants exceeded the level of force necessary in responding to his resisting arrest, and judgment favoring Plaintiff would not throw the validity of his conviction for resisting arrest into doubt. Stabile's conviction of resisting arrest does not bar his claim of excessive use of force under *Heck*. *See Garrison*, 378 F. App'x at 277.

### B. Qualified Immunity

Defendants claim that the doctrine of qualified immunity bars this action. In determining whether an officer is entitled to qualified immunity from suit, a court must answer to questions: (1) whether the facts alleged show an officer's conduct violated a constitutional right; and (2) whether the violated constitutional right was clearly established in the specific context of the case. *See Saucier*, 533 U.S. at 201. The Third Circuit has "caution[ed] . . . that it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 F. App'x. 788, 791 n.3 (3d Cir. 2009). Consequently, "qualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006).

To determine whether a constitutional violation occurred, in claims of excessive use of force, courts utilize the Fourth Amendment's objective reasonableness test. *Santini v. Fuentes*, 795 F.3d 410, 417 (3d. Cir. 2015). Objective reasonableness is determined by the balance of the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *See id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989). Objective reasonableness is evaluated from the perspective of the officer during the incident, rather than through the lens of hindsight. *See Santini*, 795 F.3d at 417.

The Court finds that Plaintiff has adequately pled claims of excessive use of force to survive a motion to dismiss, as claims of excessive use of force in effectuating a lawful arrest is a claim that is clearly established by law. Without further factual development, the Court cannot evaluate the full set of circumstances of the incident at the heart of this matter.

### IV. CONCLUSION

For the reasons set forth above, Defendants motion to dismiss, ECF No. 2, is **DENIED**.

**Date: August 12, 2020**

                                        */s/ William J. Martini*
                                      **WILLIAM J. MARTINI, U.S.D.J.**